BRADFORD, Judge,
dissenting.
I agree with the majority’s statutory interpretation that an on-duty personal injury that exacerbates a pre-existing medical condition can “direct[ly] result” in a Class 1 covered impairment under Indiana Code section 36-8-8-12.5(b)(l). However, because I do not believe Paul Bryson’s covered impairment satisfies that standard, I respectfully dissent.
Upon review, the record reveals that Bryson’s covered impairment is degenerative disc disease, whereas his three on-duty personal injuries were diagnosed as lumbar strains. The record also shows that Bryson recovered from these injuries and was released to work accordingly without restriction. Most notably, after Bry-son’s third injury, “Dr. Evanhoff gave him an impairment rating of 0% of the whole body....” Appellant’s App. p. 90.
Although the medical evidence suggests that Bryson’s disease rendered him susceptible to recurrent lumbar strains and enhanced resulting pain, his three actual injuries were labeled, “secondary.” Appellant’s App. pp. 90, 94. As such, “[Bryson’s injurious] activities did cause him physical pain, but the changes seen in the lumbar spine are not the result of those incidents.” Appellant’s App. p. 93. His lumbar strains did not cause or exacerbate his degenerative disc disease. Consistent with this conclusion:
When asked what keeps Bryson from performing the essential function of the firefighter, Dr. Markland agreed with Dr. Huler that Bryson is subject to acute bouts of pain. Because these bouts are transient, he can recover, but he is more prone to have pains in the future. Bryson is unable to perform as a firefighter because he has a greater possibility of exacerbating pain. There *381 fore in Dr. Markland’s opinion, Bryson has a covered impairment.
Appellant’s App. p. 93.
I would conclude that Bryson’s personal injury did not exacerbate a pre-existing condition as required for Class 1 coverage. Rather, Bryson’s degenerative disc disease puts him at risk of reinjury with debilitating pain. Given Bryson’s safety-sensitive position as a firefighter, this risk renders him unable to perform the duties of his employment. The record supports the conclusion that, among other things, Bry-son’s work as a firefighter generally contributed to his degenerative disc disease. Therefore, he should be entitled to Class 2 coverage.
I would reverse the trial court’s judgment and affirm the agency’s decision on these other grounds.